IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>AP FRAMING, INC.,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 20-68856-jwc |

**APPLICATION FOR FINAL DECREE**

COMES NOW, AP Framing, Inc. ("Debtor"), debtor and debtor-in-possession, by and through the undersigned counsel, and hereby files this "Application for Final Decree" ("Application").

Debtor filed its "Plan of Reorganization" (Doc. No. 73) on November 6, 2020, which was modified or amended on December 4, 2020 (Doc. No. 83), January 5, 2021 (Doc. No. 114), and February 2, 2021 (Doc. No. 136) (the Plan of Reorganization as amended and modified is referred to herein as the "Plan").

On February 10, 2021, the Court entered a Confirmation Order (Doc. No. 142) confirming the Plan. Debtor has assumed the management of all property dealt with by the Plan; Debtor has commenced Plan payments to Creditors.

**Report of Substantial Consummation**

"Substantial consummation" is defined by 11 U.S.C. §1101(2), which provides as follows:

(2)  "substantial consummation" means –
    (A)  transfer of all or substantially all of the property proposed by the plan to be transferred;
    (B)  assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
    (C)  commencement of distributions under the plan.

The requirements under 11 U.S.C. §1101(2) have been met and are summarized in the Final Report filed contemporaneously herewith.

**Retention of Jurisdiction Over Claim Disputes**

Debtor may bring claim disputes pursuant to subsequently filed claim objections or adversary proceedings (collectively, the "Claim Disputes").

Debtor requests that any order granting this Application reserve the jurisdiction of the Bankruptcy Court with respect to any other Claim Disputes initiated before or after the entry of the Final Decree. Specifically, Article 13.1 of the Plan (entitled Retention of Jurisdiction) provides as follows:

> Subsequent to the Effective Date, the Bankruptcy Court shall have or retain jurisdiction for the following purposes:
>
> > 13.1.8  To adjudicate controversies arising out of the administration of the Estates or the implementation of this Plan;
> >
> > 13.1.9 To make such determinations and enter such orders as may be necessary to effectuate all the terms and conditions of this Plan, including the Distribution of funds from the Estate and the payment of claims;
> >
> > …
> >
> > 13.1.13 To determine any controversies, actions or disputes that may arise under the provisions of this Plan, or the rights, duties or obligations of any Person under the provisions of this Plan;

Moreover, retention of jurisdiction after entry of a final decree is appropriate when necessary to adjudicate matters related to administration of the estate and implementation of the Plan. *See, e.g., In re Morris,* 950 F.2d 1531 (11th Cir. 1992); *Whitaker v. EMC Mortgage Corp (In re Whitaker)*, 2009 Bankr. LEXIS 3270 (Bankr. N.D. Ga. Sept. 18, 2009) (Murphy, J.); *JMP-Newcor International, Inc.,* 225 B.R. 462 (Bankr. N.D. Ill. 1998). Any Claim Dispute, whether filed before or after entry of the Final Decree, will concern administration of the Bankruptcy Estate and implementation of the Plan.

**Application for Final Decree**

As shown above, there has been "substantial consummation" of the Plan as that term is defined by 11 U.S.C. §1101(2). Debtor has assumed control over its property, and distributions have commenced under the Plan.

WHEREFORE, Debtor respectfully requests that the Court grant the Application by entering a final decree in this case and grant all relief requested in the Proposed Final Decree attached hereto as Exhibit "1."

Respectfully submitted this 17th day of March, 2022.

**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Cameron M. McCord
Georgia Bar No. 143065
Thomas T. McClendon
Georgia Bar No. 431452
Attorneys for Debtor
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
cmccord@joneswalden.com
tmcclendon@joneswalden.com

Exhibit "1"

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| AP FRAMING, INC., | CASE NO. 20-68856-jwc |
| Debtor. | |

FINAL DECREE

Debtor filed its *Application for Final Decree*[1] (the "Application") (Doc. No. __) and *Final Report* (Doc. No. __) on March 17, 2022. Based upon a review of the record in this case and the representations in the Application, it appears that the Plan has been substantially consummated. Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 3022, it is hereby

ORDERED that:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Application.

1. Pursuant to § 5.2 of the Plan and 11 U.S.C. § 1183(c)(1), the services of the Subchapter V Trustee are terminated.

2. The provisions of the Plan bind Debtor, any entity acquiring property under the Plan, and all creditors of Debtor, whether or not the claim or interest of such creditor is impaired under the Plan, and whether or not such creditor has accepted the Plan;

3. Except as specifically provided in the Plan or the Confirmation Order, all property of the estate is vested in Debtor;

4. Except as specifically provided in the Plan or Confirmation Order, the property dealt with by the Plan is free and clear of all claims and interests of creditors and other parties in interest;

5. Debtor shall be authorized to reopen this case after entry of this final decree for the purpose of obtaining a discharge pursuant to 11 U.S.C. § 1192 and § 1141(d) (as made applicable) or to otherwise afford relief to Debtor. The fee associated with the Debtor's motion to reopen Debtor's case may be waived, and Debtor may not be responsible for payment of such to the Clerk of Court for the Bankruptcy Court of the Northern District of Georgia or otherwise;

6. All creditors of, claimants against, and all persons having or claiming interest of any nature in Debtor's property and assets are permanently enjoined from: (a) pursuing, attempting to pursue, commencing or continuing any action, (b) employing any process, or (c) acting to collect, offset, or recover any right, claim or interest except as provided for in the Plan or orders of this Court against: (1) Debtor, or (2) against any property of Debtor. Such injunction shall survive the closure of the Bankruptcy Case and this Court shall retain jurisdiction to enforce such injunction. Such injunction shall remain in effect as to each creditor for so long as payments to such creditor are provided for by the Plan.

7. The Court shall retain jurisdiction to reopen this Bankruptcy Case, without limitation, (a) to adjudicate any Claim Dispute filed, (b) to resolve any disputes regarding the sale or refinancing procedures of Debtor's assets in the Plan or (c) otherwise determine any dispute regarding the treatment of a claim, including objections to any claim or interest under the Plan. The Court shall specifically retain jurisdiction over any Claim Dispute filed before or after entry of this Final Decree.

8. Debtor will file all required operating reports through the date of entry of this Final Decree.

9. The Final Report is approved, and the Application is *granted*.

The Clerk, U.S. Bankruptcy Court, is DIRECTED to close this case. Counsel for Debtor is DIRECTED to serve a copy of this order upon Debtor, the U.S. Trustee and all parties reflected on Debtor's mailing matrix.

**[End of Order]**

Prepared and Presented By:
**JONES & WALDEN LLC**

*/s/ Thomas T. McClendon*
Cameron M. McCord
Georgia Bar No. 143065
Thomas T. McClendon
Georgia Bar No. 431452
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
Attorneys for Debtor
(404) 564-9300
cmccord@joneswalden.com
tmcclendon@joneswalden.com

**Distribution List**

Thomas T. McClendon, Jones & Walden LLC, 699 Piedmont Avenue, NE, Atlanta, Georgia 30308

Tamara M. Ogier, Ogier, Rothschild & Rosenfeld, PC, PO Box 1547, Decatur, GA 30031

Office of the U.S. Trustee, 362 Richard B. Russell Bldg., 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>AP FRAMING, INC.,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 20-68856-jwc |

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing "Application for Final Decree" was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and accompanying link to the Application to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Zechariah D. Anderson**    zanderson@mpdlegal.com, bmcdonald@mpdlegal.com
- **Brent J. Beaver**    bbeaver@mpdlegal.com
- **Herbert C. Broadfoot**    bert@hcbroadfootlaw.com
- **Thomas Wayne Dworschak**    thomas.w.dworschak@usdoj.gov, ltctommyd@aol.com
- **Kevin H. Hudson**    khudson@hlpwlaw.com, fslaveikis@hlpwlaw.com
- **Louis G. McBryan**    lmcbryan@mcbryanlaw.com, alepage@mcbryanlaw.com
- **E. A. "Seth" Mills**    smills@mpdlegal.com, bmcdonald@mpdlegal.com
- **Tamara M. Ogier (Sub V Trustee)**    tmo@orratl.com, jc@orratl.com; tmo@trustesolutions.net;ctmo11@trustesolutions.net
- **Martin G Quirk**    mgq@quirklaw.com
- **Beth E. Rogers**    brogers@berlawoffice.com, receptionist@berlawoffice.com; jcarroll@berlawoffice.com
- **Antony L. Sanacory**    asanacory@hlpwlaw.com, tdent@hlpwlaw.com
- **Andres H. Sandoval**    andres.sandoval@usdoj.gov, charlie.cromwell@usdoj.gov; Larissa.selchenkova@usdoj.gov
- **Henry F. Sewell**    hsewell@sewellfirm.com, hsewell123@yahoo.com
- **Ryan David Thompson**    rthompson@maynardcooper.com, rcthomps@samford.edu

This 17th day of March, 2022.

JONES & WALDEN LLC
*/s/ Thomas T. McClendon*
Thomas T. McClendon
Georgia Bar No. 431452
Attorneys for Debtor
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
tmcclendon@joneswalden.com